**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Manuel RODRIGUEZ, aka Manny
Rodriguez, Manny, Defendant—
Appellant.**

No. 02–50301.

D.C. No. CR–01–00080–GLT–01.

United States Court of Appeals,
Ninth Circuit.

Submitted July 14, 2003.*

Decided July 25, 2003.

Before NOONAN, KLEINFELD, and WARDLAW, Circuit Judges.

MEMORANDUM**

The trial court did not abuse its discretion in excluding evidence about what Rodriguez did with the money from the gun sale. The issue before the jury was whether Rodriguez was a collector or a dealer. Telling the jury he would have bought more guns with the money neither makes it more or less likely Rodriguez was a dealer.

Nor did the trial court abuse its discretion in allowing testimony about what the parties meant by statements in a taped conversation.[1] There were only a few minor instances throughout the testimony in which the witness interpreted fairly clear pieces of conversation. However, the defendant's objection was not on the basis the questions solicited improper lay opinion and thus the issue is not preserved for appeal.[2] None of the statements rise to the level of plain error.[3]

There is no mandate that Model Jury Instruction 3.12 be charged in every multiple-count case. Nor, "as a whole," were the jury instructions "misleading or inadequate to guide the jury's deliberation."[4]

Any error was "marginal,"[5] and thus did not subject the judgment to reversal.

AFFIRMED.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *See United States v. Simas*, 937 F.2d 459, 464–65 (9th Cir.1991).

2. *United States v. Pino–Noriega*, 189 F.3d 1089, 1097 (9th Cir.1999).

3. *Id.*

4. *United States v. Vallejo*, 237 F.3d 1008, 1024 (9th Cir.2001).

5. *United States v. de Cruz*, 82 F.3d 856, 868 (9th Cir.1996).